**David Paul**, OSB No. 862605
dp@davidpaullaw.com
DAVID PAUL PC
210 SW Morrison Street, Ste. 500
Portland, OR 97204
Telephone: (503) 224-6602

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE MORETTI, as Personal Representative of the Estate of SAYLOR MORERTTI, deceased<br><br>     Plaintiff,<br><br>v.<br><br><br>LETTY OWINGS CENTER, CENTRAL CITY CONCERN RECOVERY CENTER and the UNITED STATES DEPARTMENT OF HEALTH and HUMAN SERVICES,<br><br><br>     Defendants. | Case No.   3:21-cv-1525<br><br>**COMPLAINT**<br><br>Federal Tort Claims Act, 28 U.S.C § 1346 et seq. |

# **PARTIES**

1.

Plaintiff Nicole Moretti is the duly appointed Personal Representative of the Estate of Saylor Moretti. Saylor Moretti was born on September 7, 2019.

2.

Defendant LETTY OWINGS CENTER is a facility for the in-patient treatment of those with drug and alcohol disorders and receives substantial funding from the United States

PAGE 1:  COMPLAINT

Government. CENTRAL CITY CONCERN RECOVERY CENTER is an Oregon Non-Profit Corporation for Social Services operating in Oregon and doing substantial and sustained business in the County of Multnomah.

3.

At all times material, defendant CENTRAL CITY CONCERN RECOVERY CENTER was a Social Service Agency which operated Letty Owings Center as a facility within its custody and control. Central City Concern is the authorized representative of the Letty Owings Center and Central City Concern is listed as the registrant/owner of Letty Owings Center. Letty Owings Center was an agency and an agent doing business as, and under the control of Central City Concern Recovery Center.

4.

The Federal government is named here as a party because, based on information and belief, the US Government provides sufficient funding to the Letty Owings Center that it is, or may be, considered an operation of the US Government for purposes of the Federal Tort Claims Act, as set forth more fully below. The funding is administered by the Department of Health and Human Services.  The plaintiff first became aware of the federal nature of the Letty Owings funding and connection to the federal government on or about July 13, 2020.

**JURISDICTION, VENUE AND ADMINISTRATIVE NOTICE PROVIDED**

5.

Plaintiff is the duly appointed Personal Representative of the Estate of Saylor Moretti. The Petition to appoint Nicole Moretti was signed by the Probate Court in the County of Multnomah, the State of Oregon on May 20, 2020.  Nicole Moretti and the Estate are residents of the County of Multnomah in the Portland Division of the State of Oregon.

6.

Based on information and belief, The Letty Owings Center is, and at all times material was, a facility possibly funded by the United States, through the Federally Supported Health

PAGE 2:  COMPLAINT

Centers Assistance Act of 1992, 42 U.S.C. 233(g)-(n). This claim is made without waiver to challenge the applicability of Federal Tort Claim Act, 28 U.S.C. 1346 *et seq*.

7.

The claims here in are brought against the United States pursuant to the Federal Tort claims Act, 28 U.S.C. Sec. 2671, *et seq.* for compensation for personal injuries that were caused the by the negligent and wrongful acts and omissions of agents of Letty Owings Center, Central City Concern and The U.S. Government by and through its Department of Health and Human Services.

8.

Venue is thus appropriate in this District Court in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the Portland Division of the District of Oregon in the specific ways alleged herein. Each and all of the parties are residents of this District.

9.

The plaintiff has performed all conditions prerequisite by timely serving notice of these claims on the US Department of Health and Human Services on March 31, 2021. Plaintiff's notice specifically provided demand for a dollar amount of damages, that amount is not exceeded in the Prayer of this Complaint. Despite over six months of time since the Federal Tort Claims Notice, the government has not reached a settlement or otherwise resolved these claims with the plaintiff. The claims set forth herein have now ripened and are appropriate for resolution in this court.

10.

In the event the court deems that this case is not subject to the provisions of the Federal Tort Claims Act, notice was also provided to the State of Oregon pursuant to the provisions of the OREGON Tort Claims Act, O.R.S. 30.275 *et seq.* Lawyers for the Letty Owings Center had actual knowledge of these claim as of the time that a separate notice of claim was provided to the state of Oregon, which notice occurred on August 10, 2020.

/ / /

PAGE 3:  COMPLAINT

## FACTS GIVING RISE TO LIABILITY

11.

According to the American Academy of Pediatrics co-sleeping, where a parent and child fall asleep in the same bed, is known to be one of the most dangerous practices leading to death of infants in the U.S.

12.

As a result of the negligence of the defendants, combining and concurring, the defendants created an unreasonable risk of foreseeable harm that resulted in the death of Saylor Moretti on October 4, 2019, due to co-sleeping at the Letty Owings Center. Specifically, Nicole and Saylor were co-sleeping when Nicole Moretti's weight came to rest or press against Saylor in such a way as to prevent his adequate breathing and he died as a result.

13.

On August 8, 2019 Nicole Moretti became a patient at the Letty Owings Center. Ms. Moretti was an in-patient resident of the Center and slept there nightly. The Letty Owings Center was in all ways responsible for providing a residential care facility that was appropriate to the needs of Ms. Moretti and the deceased, her infant son, Saylor Moretti. This responsibility included management of sleeping arrangements and supervision of parents who were sleeping to avoid the known risk of co-sleeping.

## SPECIFICATIONS OF NEGLIGENCE LEADING TO THE WRONGFUL DEATH OF SAYLOR MORETTI

14.

Defendant Letty Owings Center was negligent in one or more of the following particulars:

a) In failing to monitor and avoid co-sleeping arrangements with Nicole Moretti and Saylor Moretti thereby causing the crush death of baby Saylor at less than one month of age;

b) In failing to provide a crib in the room where Saylor and Nicole would sleep so as to provide a safe place for Saylor to sleep;

    c) In failing to have sufficient or any, policy governing the methods to prevent co-sleeping at the Letty Owing facility, including Nicole Moretti and her deceased son, Saylor.

    d) In failing to adequately staff the facility so as to allow sufficient eyes-on monitoring of its patients, including plaintiff, when it knew or reasonably should have known of inadequate staffing that presented an unreasonable risk of harm to plaintiff and others similarly situated;

    e) In failing to train staff, including the staff that was supposed to supervise the sleeping arrangements at Letty Owings Center; and,

    f) In failing to supervise the staff, including the staff that was supposed to supervise the sleeping arrangements at Letty Owings Center when the defendant knew, or in the exercise of reasonable care should have known that co-sleeping was occurring and presented an unreasonable risk of harm to babies in the care and custody of Lettie Owings Center.

## DAMAGES

15.

The negligence of defendants as alleged was a substantial factor in causing the death of Saylor Moretti.

16.

As a result of defendants' negligence as set forth, Saylor's heirs suffered economic loss in the form of a reduction or loss to the value of Saylor's estate, medical expenses, the cost of his memorial, funeral and burial, and loss to the surviving intestate wrongful death beneficiaries as allowed by ORS 30.020 in an amount not to exceed $400,000.

17.

As a further result of Defendant's negligence, Saylor's parents suffered the loss of society, services, love, and companionship of their beloved son, in an amount not to exceed $4,000,000 in non-economic damages.

/ / /

PAGE 5: COMPLAINT

18.

As a further result of Defendant's negligence, Saylor's wrongful death beneficiaries are entitled to damages for the conscious disability, pain and suffering he suffered before his death.

WHEREFORE, Plaintiff is entitled to damages in the amount of:

1. Economic Damages in the amount of $400,000;

2. Non-economic Damages in the amount of $4,000,000;

3. Plaintiff's costs and disbursements incurred herein;

4. Such other remedies and relief as the court deems just.

This complaint is respectfully submitted this 19th day of October, 2021.

DAVID PAUL, PC


By *s/David Paul*
David Paul, OSB No. 862605
Telephone: (503) 224-6602

Attorney for Plaintiff

PAGE 6:  COMPLAINT