Karl G. Anuta (OSB #861423)
Law Office of Karl G Anuta PC
735 SW First Ave 2nd Fl
Portland OR 97204
(T) 503-827-0320 (F) 503-386-2168
kga@integra.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON PORTLAND DIVISION

| | |
|---|---|
| NICOLE MORETTI, and WENDY NOVINS, as Personal Representative of the Estate of SAYLOR MORERTTI, deceased<br><br>Plaintiff,<br><br>v.<br><br>LETTY OWINGS CENTER, CENTRAL CITY CONCERN and/ot the UNITED STATES acting through the DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>Defendants. | Case No. 3:21-cv-1525 - HZ<br><br>**AMENDED COMPLAINT**<br><br>Federal Tort Claims Act, 28 U.S.C § 1346 et seq. |

PARTIES

1.

Plaintiff Nicole Moretti is a real party in the interest to this matter, and Wendy Novins is the duly appointed Personal Representative of the Estate of Saylor Moretti. Saylor Moretti was born on September 7, 2019.

2.

Defendant LETTY OWINGS CENTER is a facility for the in-patient treatment of those with drug and alcohol disorders and apparently receives substantial funding from the United States Government. CENTRAL CITY CONCERN is an Oregon Non-Profit Corporation operating in Oregon and doing substantial and sustained business

in the County of Multnomah.

3.

At all times material, defendant Central City Concern was a Social Service Agency which operated Letty Owings Center as a facility within its custody and control. Central City Concern is the authorized representative of the Letty Owings Center and Central City Concern is listed as the registrant/owner of Letty Owings Center. Letty Owings Center was an agency and an agent doing business as, and under the control of Central City Concern.

4.

Defendant UNITED STATES, acting through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, is named here as a party because, based on information and belief, the US Government provided or provides sufficient funding to the Letty Owings Center that it is, or may be, considered an operation of the US Government for purposes of the Federal Tort Claims Act. The funding is administered by the Defendant Department of Health and Human Services. The plaintiff first became aware of the federal nature of the Letty Owings funding and connection to the federal government on or about July 13, 2020.

**JURISDICTION, VENUE AND ADMINISTRATIVE NOTICE PROVIDED**

5.

Plaintiff Wendy Novins is the duly appointed Personal Representative of the Estate of Saylor Moretti. The Petition to appoint Wendy Novins was signed by the Probate Court in the County of Multnomah, the State of Oregon on May 20, 2020. Nicole Moretti and the Estate are residents of the County of Multnomah in the Portland Division of the State of Oregon.

6.

Based on information and belief, The Letty Owings Center is, and at all times material was, a facility possibly funded by the United States, through the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. 233(g)-(n). This claim is made without waiver to challenge the applicability of Federal Tort Claim Act, 28 U.S.C. 1346 *et seq*.

7.

The claims here in are brought against the United States pursuant to the Federal Tort claims Act, 28 U.S.C. Sec. 2671, *et seq.* for compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of agents of Letty Owings Center, Central City Concern and via the U.S. Government by and through its Department of Health and Human Services.

8.

Venue is thus appropriate in this District Court in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the Portland Division of the District of Oregon in the specific ways alleged herein. Each and all of the parties are residents of this District.

9.

The plaintiff has performed all conditions prerequisite by timely serving notice of these claims on the US Department of Health and Human Services on March 31, 2021. Plaintiff's notice specifically provided demand for a dollar amount of damages, that amount is not exceeded in the Prayer of this Complaint. Despite over six months of time since the Federal Tort Claims Notice, the government has not reached a settlement or otherwise resolved these claims with the plaintiff. The claims set forth

herein have now ripened and are appropriate for resolution in this court.

10.

In the event the court deems that this case is not subject to the provisions of the Federal Tort Claims Act, notice was also provided to the State of Oregon pursuant to the provisions of the Oregon Tort Claims Act, ORS 30.275 *et seq.* Lawyers for the Letty Owings Center had actual knowledge of these claim as of the time that a separate notice of claim was provided to the State of Oregon, which notice occurred on August 10, 2020.

**FACTS GIVING RISE TO LIABILITY**

11.

According to the American Academy of Pediatrics co-sleeping-where a parent and child fall asleep in the same bed-is known to be one of the most dangerous practices leading to death of infants in the U.S.

12.

As a result of the negligence of the defendants, combining and concurring, the defendants created an unreasonable risk of foreseeable harm that resulted in the death of Saylor Moretti on October 4, 2019, due to Defendant's allowing co-sleeping at the Letty Owings Center. Specifically, Nicole and Saylor were co-sleeping when Nicole Moretti's weight came to rest or press against Saylor in such a way as to prevent Saylor's adequate breathing and he died as a result.

13.

On August 8, 2019 Nicole Moretti became a patient at the Letty Owings Center. Ms. Moretti was an in-patient resident of the Center and slept there nightly. The Letty Owings Center was in all ways responsible for providing a residential care facility that

was appropriate to the needs of Ms. Moretti and the deceased, her infant son, Saylor Moretti. This responsibility included management of sleeping arrangements and supervision of parents who were sleeping to avoid the known risk of co-sleeping.

## SPECIFICATIONS OF NEGLIGENCE LEADING TO THE WRONGFUL DEATH OF SAYLOR MORETTI

14.

Defendant Letty Owings Center was negligent in one or more of the following particulars:

a) In failing to monitor and avoid co-sleeping arrangements with Nicole Moretti and Saylor Moretti thereby causing the crush death of baby Saylor at less than one month of age;

b) In failing to provide a crib in the room where Saylor and Nicole would sleep so as to provide a safe place for Saylor to sleep;

c) In failing to have sufficient or any, policy governing the methods to prevent co-sleeping at the Letty Owing facility, including Nicole Moretti and her deceased son, Saylor;

d) In failing to adequately staff the facility so as to allow sufficient eyes-on monitoring of its patients, including plaintiff, when defendants knew or reasonably should have known that inadequate staffing would present an unreasonable risk of harm to plaintiff and others similarly situated;

e) In failing to adequately train staff, including the staff that was supposed to supervise the sleeping arrangements at Letty Owings Center; and,

f) In failing to properly supervise the staff, including the staff that was

supposed to supervise the sleeping arrangements at Letty Owings Center, when the defendant knew, or in the exercise of reasonable care should have known that co-sleeping was occurring and presented an unreasonable risk of harm to babies in the care and custody of Lettie Owings Center.

DAMAGES

15.

The negligence of defendants as alleged, was at least a substantial factor in causing the death of Saylor Moretti.

16.

As a result of defendants' negligence as set forth, Saylor's heirs suffered economic loss in the form of a reduction or loss to the value of Saylor's estate, medical expenses, the cost of his memorial, funeral and burial, and loss to the surviving intestate wrongful death beneficiaries as allowed by ORS 30.020 in an amount not to exceed $400,000.

17.

As a further result of Defendant's negligence, Saylor's parents suffered the loss of society, services, love, and companionship of their beloved son, in an amount not to exceed $4,000,000 in non-economic damages.

18.

As a further result of Defendant's negligence, Saylor's wrongful death beneficiaries are entitled to damages for the conscious disability, pain and suffering he suffered before his death.

WHEREFORE, Plaintiff is entitled to damages in the amount of:

1. Economic Damages in the amount of $400,000;
2. Non-economic Damages in the amount of $4,000,000;
3. Plaintiff's costs and disbursements incurred herein;
4. Such other remedies and relief as the court deems just.

Respectfully submitted this 4th day of March, 2022.

Law Office of Karl G. Anuta, P.C.

_/s/__*Karl G. Anuta*________
Karl G. Anuta, OSB #861423
Attorney for Plaintiff

Federal ID #: 26-1488415

I hereby certify that on March 4th, 2022, I electronically filed the AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing on the following:

Michael J. Jeter, OSB #165413
Assistant United States Attorney
Scott Erik Asphaug, OSB #833674
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
michael.jeter@usdoj.gov

Lindsey Harris Hughes, et al.
Attorney for Central City Concern
Recovery Center
200 Market Street, Suite 900
Portland OR 97201
lhughes@keatingjones.com

Dated this 4th day of March, 2022.

By: *__/s/ Karl G. Anuta____________*
Karl G. Anuta, OSB No. 861423
kga@integra.net
*Counsel for Plaintiff*