**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAM FRIEDENBERG, personal representative of the estate of Marc Sanford; DEREK LARWICK, personal representative of the estate of Richard Bates; LORRE SANFORD, an individual, | No. 21-35078 <br><br> D.C. No. 6:18-cv-00177-MK |
| *Plaintiffs-Appellees*, <br><br> v. | |
| LANE COUNTY; LANE COUNTY MENTAL HEALTH, AKA Lane County Behavioral Health; CARLA AYRES; ERIK MORRIS; FRANCES FREUND; JULIE RIUTZEL, | OPINION |
| *Defendants-Appellants*, <br><br> v. | |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

2                FRIEDENBERG V. LANE COUNTY

Argued and Submitted February 9, 2022
Portland, Oregon

Filed May 19, 2023

Before:  Richard A. Paez and Jacqueline H. Nguyen,
Circuit Judges, and John R. Tunheim,[*] District Judge.

Opinion by Judge Paez;
Dissent by Judge Nguyen

---

## SUMMARY[**]

### Federal Immunity / Removal

The panel reversed the district court's order remanding to state court Plaintiffs' action alleging negligence and wrongful death claims against federally funded community health centers and their employees ("Defendants"), and remanded to the district court to enter an order substituting the United States as the defendant and deeming the action as one brought under the Federal Tort Claims Act.

The Federally Supported Health Centers Assistance Act ("FSHCAA") provides that health centers receiving funding under § 330 of the Public Health Service Act ("PHSA") may

---

[*] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

FRIEDENBERG V. LANE COUNTY                                3

be deemed Public Health Service ("PHS") employees. PHS employees are granted immunity from certain claims arising out of their performance of "medical, surgical, dental or related functions." 42 U.S.C. § 233(a). Plaintiffs alleged that Defendants violated their duty to report a court-ordered Lane County Mental Health patient's refusal to comply with the terms of his probation. Plaintiffs alleged they were injured as a result of Defendants' failure to report a patient's repeated failures to comply with his mental health treatment plan. Defendants contended that they were entitled to § 233 immunity. The district court held that § 233 immunity did not apply to Defendants and remanded to state court.

The panel first addressed whether there was jurisdiction to review the district court's remand order. Ordinarily, a remand order is not reviewable on appeal, except for cases removed pursuant to 28 U.S.C. § 1442. The parties disagreed about whether Defendants removed the case under § 1442. As a threshold matter, the panel held that plaintiffs waived their objection to the timeliness of Defendants' removal by failing to properly raise it in district court. Next, the panel held that the United States' argument that this case was never removed pursuant to § 1442 failed. The notice of removal did not cite only to § 233 as a basis for removal jurisdiction. The notice of removal set forth additional grounds by referencing, among other statutes, § 1442 as a basis for federal question jurisdiction. The panel held that Defendants' notice of removal contained sufficient facts to invoke § 1442 as a basis of removal. The district court's entire order is reviewable on appeal, and there is jurisdiction to review the district court's remand order.

Next, the panel turned to whether § 233 immunity applied in this case. Congress extended the immunity protection provided to actual PHS employees in § 233(a) to

4                    FRIEDENBERG V. LANE COUNTY

"deemed" PHS employees under § 233(g).  The parties did
not dispute that Defendants were deemed PHS employees
during the relevant period.   The panel agreed with
Defendants that § 233 immunity did not turn on who brings
the claim, but rather on whether the conduct giving rose to
the claim arose out of the Defendants' performance of
"medical, surgical, dental or related functions."  Nothing in
§ 233(g)(1)(B) limits immunity protection to a particular
class of plaintiffs; rather, the statute contemplates the types
of actions for which deemed PHS employees are
covered.  To the extent the district court ruled that § 233 did
not apply in this case because Plaintiffs were not "patients,"
that was legal error.  The panel also held that Plaintiffs'
argument that deemed employees receive limited protection
under § 233 lacked merit.  The panel rejected Plaintiffs'
contention that § 233 was enacted only to cover medical
malpractice claims.  Section 233(a) plainly encompasses
damages stemming from the performance of medical and
"related" functions.

    The panel next considered whether § 233 immunity
applied in this case.  The panel held that Defendants' failure
to report the patient's violations of his treatment plan to the
municipal court was a "related function" under § 233(a).
Any duty that the Defendants had to report the patient's
violations and potential threat to the public was tied to their
status as medical health professionals.  The panel concluded
that that the tortious conduct in this case qualified as a
"related function" under § 233(a).

    Finally, the parties contested whether Defendants'
tortious conduct fell outside of their § 330 grant
activities.  The panel rejected Plaintiffs' argument that the
tortious conduct in this case did not relate to Defendants'
grant-supported activity because Lane County never

mentioned the "Jail Diversion Program" in its grant application. An applicant need not identify the specific names of the programs that will refer patients to the applicant health centers. The panel also rejected Plaintiffs' argument that the Jail Diversions Program was state funded and thus fell outside of the grant's scope. Accordingly, Defendants' tortious conduct fell within the scope of their § 330 grant. The panel concluded that because the Defendants met the qualifications set forth in § 233(a), they were entitled to immunity in this case.

The panel reversed the district court's order remanding the case to state court, and remanded to the district court to enter an order substituting the United States as the defendant and deeming the action as one brought under the Federal Tort Claims Act.

Judge Nguyen dissented because in her view this Court lacks jurisdiction over the appeal. She wrote that a fair reading of the notice of removal here showed that the Lane County defendants never asserted their intention to remove this case under § 1442. She would dismiss the appeal for lack of jurisdiction.

---

## COUNSEL

Matthew S. Freedus (argued) and Rosie Dawn Griffin, Feldesman Tucker Leifer Fidell LLP, Washington, D.C.; Stephen E. Dingle, Lane County Office of County Counsel, Eugene, Oregon; for Defendants-Appellants.

Travis S. Eiva (argued), Eiva Law, Eugene, Oregon, for Plaintiffs-Appellees Sam Friedenberg, Derek Larwick, and Lorre Sanford.

6                    FRIEDENBERG V. LANE COUNTY

Kevin B. Soter (argued), Mark B. Stern, and Dana
Kaersvang, Appellate Staff Attorneys; Scott Erik Asphaug,
Acting United States Attorney; Brian M. Boynton, Acting
Assistant Attorney General; United States Department of
Justice; Washington, D.C.; Kevin C. Danielson, Assistant
United States Attorney; Office of the United States Attorney;
Portland, Oregon; for Defendant-Appellee United States of
America.

---

## OPINION

PAEZ, Circuit Judge:

This case concerns the scope of immunity granted to
federally funded community health centers and their
employees when they are deemed Public Health Service
("PHS") employees under the Federally Supported Health
Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 ("§
233").

The FSHCAA provides that health centers that receive
funding under § 330 of the Public Health Service Act
("PHSA"), 42 U.S.C. § 254b ("§ 330"), may be deemed PHS
employees. 42 U.S.C. § 233(g). PHS employees are granted
immunity from certain claims arising out of their
performance of "medical, surgical, dental or related
functions." 42 U.S.C. § 233(a). When § 233 immunity
applies, the United States is substituted as the defendant and
the action proceeds as one brought under the Federal Torts
Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680.

Defendants Lane County, Lane County Mental Health
("LCMH"), and its employees, Carla Ayres, Erik Morris,

FRIEDENBERG V. LANE COUNTY                    7

Frances Freund, and Julie Riutzel (collectively, "Defendants") contend that they are entitled to § 233 immunity in a state court tort action brought by Plaintiffs Lorre Sanford and represented decedents (collectively, "Plaintiffs"). In state court, Plaintiffs alleged negligence and wrongful death claims against Defendants for violating their duty to report a court-ordered LCMH patient's refusal to comply with the medical terms of his probation. Defendants removed the case to federal court on the grounds that they were immune from suit as "deemed" PHS employees. The district court disagreed, reasoning that as "deemed" rather than actual PHS employees, Defendants were not entitled to § 233 immunity because Plaintiffs were not LCMH "patients" when they suffered injuries.

We disagree. Section 233 immunity does not turn on *who* brings the claim, and neither does it require that the alleged tort occur during the provision of services. Rather, § 233 immunity depends on whether the claim arose out of the defendant's performance of "medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). Because we hold that Defendants' conduct qualifies as a "related" function under § 233, we reverse the district court's remand order and direct the district court, on remand, to substitute the United States as the defendant. *Id.*

There is a preliminary jurisdictional issue that we must address before reaching the merits of Defendants' appeal. Defendants appeal the district court's order remanding this case to the Lane County Circuit Court, where it was originally filed. Ordinarily, a remand order is not reviewable on appeal. There is an exception, however, for cases removed pursuant to 28 U.S.C. § 1442 ("§ 1442). *See* 28 U.S.C. § 1447(d) ("§ 1447(d)"). Because this case was removed, in part, under § 1442, the district court's remand

8                    FRIEDENBERG V. LANE COUNTY

order is reviewable on appeal. *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1538 (2021). We therefore have jurisdiction to address the merits of Defendants' appeal.

## I.

In March 2015, Michael Bryant ("Bryant") was convicted of criminal mischief and criminal trespass in the Springfield City Municipal Court in Oregon. Bryant suffers from schizophrenia and bipolar disorder with serious symptoms of psychosis. The court, as a condition of his probation, referred Bryant to a Jail Diversion Program in Lane County, Oregon, which allows mentally ill persons convicted of crimes to avoid incarceration if they comply with a mental health treatment plan. The court ordered Bryant to report to LCMH for treatment and to "follow all directives of LCMH."

Lane County receives PHSA § 330 grant funding to provide primary care and related services to medically underserved populations. Lane County administers the § 330 grant project through its Community Health Centers division. That division provides various health services to the community, including psychiatric and mental health services. LCMH is one of several service-delivery sites within Lane County's grant project.

In June 2014, the U.S. Department of Health and Human Services ("HHS") issued a formal notice deeming Lane County, its health centers, and health center employees— including LCMH and its employees—as PHS employees under FSHCAA § 233 for calendar year 2015. The notice states that, for any action based on acts or omissions that occurred during calendar year 2015, LCMH and its employees have "liability protection . . . for damage for personal injury, including death, resulting from the

FRIEDENBERG V. LANE COUNTY                    9

performance of medical . . . or related functions . . . while acting within the scope of such employment."

In March 2015, Bryant started his treatment with LCMH as required by the court's order.  Plaintiffs allege, however, that from roughly March 2015 to November 2015, Bryant repeatedly violated his probation by refusing to take his prescribed medication and missing medical appointments without reason.  Plaintiffs contend that despite Bryant's repeated failures to comply with his treatment plan, no one at LCMH reported his violations to the court.

On November 15, 2015, Bryant had a psychotic breakdown, attacked his parents with a baseball bat, killed his father, and seriously injured his mother.  Bryant also killed the family dog and set the family home on fire.  Bryant then took the family's SUV and drove to Springfield, Oregon, where he ran over and killed pedestrian Richard Bates.  After killing Bates, Bryant drove to Eugene, Oregon, where he ran over pedestrians Lorre and Marc Sanford. Marc Sanford died from his injuries and Lorre Sanford was severely injured.

In November 2017, Plaintiffs filed this action in the Lane County Circuit Court against Defendants.  Plaintiffs alleged multiple claims of negligence and wrongful death, arguing that they were injured as a result of Defendants' failure to report Bryant's repeated probation violations to the court, which would have caused the court to incarcerate him.

Defendants removed the case to federal court.  They argued that the United States should be substituted as the defendant and the action should be treated as one brought under the FTCA because all Defendants were deemed PHS employees.  Among other grounds for removal, Defendants cited § 233 as a basis for removal, which allows a health

10          FRIEDENBERG V. LANE COUNTY

center to remove a case when the United States fails to inform the state court whether the FTCA remedy is available. 42 U.S.C. § 233(l)(2) (establishing that if an action qualifying for immunity under § 233 is filed in state court, the "proceeding shall be removed to the appropriate United States district court").[1]

Plaintiffs moved to remand, arguing that the district court lacked jurisdiction. The magistrate judge determined that federal jurisdiction existed to hold a § 233 hearing.[2]

After holding the § 233 hearing, the magistrate judge concluded that § 233 immunity did not apply to Defendants and recommended that the action be remanded to state court. The magistrate judge reasoned that § 233 immunity for "deemed" PHS employees only extends to claims brought by "patients" of a community health center or non-patients who received direct services as approved under the statute. The district court adopted the recommendation and ordered the case remanded to state court.

Defendants requested a stay of the remand order pending appeal on the ground that the case was removed, in part, pursuant to the federal officer removal statute, § 1442. In response, Plaintiffs argued for the first time that the case was not removed pursuant to § 1442, and that even if § 1442 was

---

[1] Section 233 provides that upon removal predicated on § 233(l)(2), "the action shall be stayed . . . until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages . . . and issues an order consistent with that determination." 42 U.S.C. § 233(l)(2).

[2] The United States ("United States" or "Government") declined to intervene or substitute as a defendant because it determined that § 233 immunity did not apply to Defendants' alleged actions. Nonetheless, it appeared in this case as an interested party under 28 U.S.C. § 517.

FRIEDENBERG V. LANE COUNTY                    11

the basis for removal, Defendants' motion to remand was untimely.

The district court granted the stay, recognizing that the Supreme Court's then looming decision in *BP P.L.C.* could impact whether the court's remand order is reviewable on appeal. *See* 141 S. Ct. 222 (2020), *cert. granted*. Defendants' appeal followed.

## II.

We review de novo whether the district court's basis for remand is reviewable on appeal. *Atl. Nat'l Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010) (citation omitted). If appellate jurisdiction exists, we review de novo the district court's remand order for lack of subject-matter jurisdiction. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006) (citations omitted). The district court's denial of absolute immunity is also reviewed de novo. *Slater v. Clark*, 700 F.3d 1200, 1203 (9th Cir. 2012) (*citing Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc)).

## III.

We first address whether we have jurisdiction to review the district court's remand order. Ordinarily, a district court's remand order is not reviewable on appeal. *See* 28 U.S.C. § 1447(d). There is an exception, however, for cases removed pursuant to § 1442. *See id.* ("[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). Section 1442 permits "[f]ederal officers, and their agents, [to] remove cases based on acts performed under color of their federal office if they assert a colorable federal defense[.]" *Durham v. Lockheed Martin*

12                    FRIEDENBERG V. LANE COUNTY

*Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing 28 U.S.C. § 1442(a)(1)).

We previously interpreted § 1447(d) to mean that we may only review the part of the district court's remand order that was based on the court's § 1442 analysis. *See County of San Mateo v. Chevron Corp.*, 960 F.3d 586, 598 (9th Cir. 2020), *cert. granted, judgment vacated sub nom. Chevron Corp. v. San Mateo County*, 141 S. Ct. 2666 (2021). The Supreme Court has since clarified that when a case is removed pursuant to § 1442, the whole of the district court's order is reviewable on appeal. *See BP P.L.C.*, 141 S. Ct. at 1538. Accordingly, "courts of appeals have jurisdiction to review a remand order in its entirety so long as the case was *removed* under [§] 1442." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021) (citation omitted).

The parties disagree about whether Defendants removed the case under § 1442. Plaintiffs contend that Defendants filed an untimely notice of removal and therefore did not properly remove the case under § 1442. The United States contends that even if the removal was timely, Defendants did not invoke § 1442 as a basis for removal because, among other reasons, § 1442 was only referenced three times in the notice of removal as a comparative statute to § 233. Defendants contend that even though they focused their removal strategy on § 233, they also cited § 1442 as an alternative basis for removal which is sufficient for establishing federal appellate jurisdiction. We agree with Defendants.

### A.

As a threshold matter, Plaintiffs waived their objection to the timeliness of Defendants' removal by failing to properly raise it in district court.

FRIEDENBERG V. LANE COUNTY                    13

A district court may only remand a case to state court for procedural defects "upon a timely motion to remand." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (citing 28 U.S.C. § 1447(c)).  If a plaintiff objects to removal for a defendant's failure to meet the removal deadline, he must do so in a timely motion to remand.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").  As we explained in *Smith*, "the [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *See* 761 F.3d at 1045 (citation and internal quotation marks omitted).  Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights." *Id.* (citations and internal quotation marks omitted).  That is what Plaintiffs did here.

Plaintiffs failed to raise their timeliness objection within the statutory 30-day deadline.  *See* 28 U.S.C. § 1447(c).  Notably, although Plaintiffs filed a motion to remand, they failed to object to the timeliness of Defendants' removal under § 1442.  Accordingly, Plaintiffs waived their objection to this procedural defect.

Nonetheless, Plaintiffs urge us to excuse their delay because the objection was allegedly unripe when they filed their motion to remand.  They argue that the objection would have been futile because the district court decided to hold a § 233(c) hearing, and thus, removal under § 1442 only became relevant after the hearing.  The statute, however, clearly establishes that procedural objections become ripe when a defendant files the notice of removal.  There is nothing in the relevant federal statutes, rules, or case law that

14          FRIEDENBERG V. LANE COUNTY

suggests a plaintiff may delay raising a timeliness objection pending the outcome of a § 233(c) hearing. Moreover, Plaintiffs could have raised a timeliness objection in their initial motion to remand which they filed *before* the magistrate judge decided to hold the § 233(c) hearing. Plaintiffs' decision to focus their motion on contesting the § 233(c) hearing does not alter this fact.[3] Because Plaintiffs failed to comply with the statutory requirements for objecting to a procedural defect in Defendants' notice of removal, Plaintiffs' timeliness arguments are waived.

## B.

The United States' argument that this case was never removed pursuant to § 1442 also fails.

The Supreme Court stated in *BP P.L.C.* that a defendant's compliance with § 1446 is what effectuates removal. *See BP P.L.C.*, 141 S. Ct. at 1538. The Court explained that "[t]o remove a case 'pursuant to' § 1442 or § 1443, then, just means that a defendant's notice of removal must assert the case is removable 'in accordance with or by

---

[3] Plaintiffs urge us to follow the district court's reasoning in *K.C. v. Cal. Hosp. Med. Ctr*, 2018 WL 5906057, at *6 (C.D. Cal. Nov. 8, 2018). We decline to do so because 1) *K.C.* predates the Supreme Court's decision in *BP P.L.C.*, and 2) the case does not support Plaintiffs' argument. In *K.C.*, the plaintiff properly raised an timeliness objection to the defendant's removal under § 1442, and the district court remanded the case, in part, because the removal was untimely. *Id.* We affirmed. *K. C. by & through Dunmore v. Khalifa*, 816 F. App'x 111, 112–13 (9th Cir. 2020), *cert. denied sub nom. Afework v. Babbitt*, 141 S. Ct. 2754 (2021), *and vacated in part*, 857 F. App'x 958 (9th Cir. 2021). Unlike in *K.C.*, Plaintiffs failed to raise their timeliness objection within the statutory deadline. While *K.C.* is nonbinding authority, it does highlight the fact that Plaintiffs could have made a timely objection despite the § 233(c) hearing. *K.C.* does not help Plaintiffs' argument.

FRIEDENBERG V. LANE COUNTY                    15

reason of' one of those provisions." *Id.* (citations omitted). The Court further stated that a defendant does just that "by citing § 1442 as one of its grounds for removal." *Id.* "Once that happened and the district court ordered the case remanded to state court, the whole of its order became reviewable on appeal." *Id.*

Defendants argue that § 1442 is an alternative basis for removal under the court's federal question jurisdiction. The notice of removal states:

> The [district] [c]ourt has jurisdiction pursuant to . . . 28 U.S.C. § 1442(a)(1) . . . to assess whether the alleged acts or omissions in the state action arose out of 'the performance of medical, surgical, dental or related functions' within the scope of defendants' deemed PHS employment and, in turn, whether the United States must be substituted as the only proper defendant.

Plaintiffs do not take issue with Defendants' reference to § 1442(a)(1) as a basis for removal.

The United States nevertheless contends that this case "was removed solely pursuant to [§ 233]." It argues that: (1) the notice of removal only states that the case is removable under § 233; (2) the notice of removal only cites to § 1442 three times as a non-substantive comparative statute to § 233; (3) Defendants' citation to § 1442 was conclusory; and (4) Defendants' post-removal litigation conduct confirms the case was not removed pursuant to § 1442. We disagree with these arguments.

As a threshold matter, the notice of removal does not only cite to § 233 as a basis for removal jurisdiction. Indeed, the United States' argument to the contrary omits much of the sentence on which it relies. That sentence states in broad terms that "[p]ursuant to 42 U.S.C. § 233(l)(2), 28 U.S.C. § 2679(d)(3), *and on the grounds set forth below*, defendants . . . respectfully remove [this case] to this Court." The sentence not only invokes § 233 as a basis for removal, but it also invokes removal under the Westfall Act, 28 U.S.C. § 2679, a statute similar to § 233. Moreover, the Government's argument ignores the phrase "and on the grounds set forth below." The notice of removal proceeds to set forth additional grounds by referencing, among other statutes, § 1442 as a basis for federal question jurisdiction.

Even if this were the only reference to § 1442 in the notice of removal, nothing in § 1442 or § 1443 states that the removal notice must repeatedly cite all the statutory grounds for removal or discuss each statute in detail to invoke it as a basis for removal. It is common practice for defendants to remove a case pursuant to multiple federal statutes. *See BP P.L.C.*, 141 S. Ct. at 1538 (recognizing that "a party may assert multiple grounds for removing a case to federal court"). According to *BP P.L.C.*, a defendant removes a case pursuant to a statute, such as § 1442, "by citing [the statute] as one of its grounds for removal." *Id*. That is what Defendants did here.

The Government and dissent argue that Defendants' reference to § 1442 was conclusory and therefore cannot support removal. That argument is not persuasive as it fails to engage with the appropriate standard. We must interpret § 1442 "broadly in favor of removal." *Durham*, 445 F.3d at 1252. Notably, while removal under 28 U.S.C. § 1441 is to be strictly construed, the federal officer removal statute is to

FRIEDENBERG V. LANE COUNTY                    17

receive a generous interpretation.  *See id.* ("We take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret § 1442 broadly in favor of removal.").  And while it is true that a defendant seeking to remove an action may not offer mere legal conclusions, *see Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (citation omitted), "[t]he absence of detailed grounds setting forth [a] basis for removal is not fatal to defendants' right to remove," *Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) (citation and internal quotation marks omitted).  It is enough "if the court is provided the facts from which its jurisdiction can be determined."  *Id.* (citations omitted); *see also Leite*, 749 F.3d at 1120–22 (reasoning that the defendant alleged facts satisfying each of the requirements for federal officer removal to survive a facial attack).  Applying these principles, Defendants' notice of removal contains sufficient facts to invoke § 1442 as a basis for removal.

To invoke § 1442, the removing party must allege in the removal notice that "(1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [it] took pursuant to a federal officer's direction [i.e., it acted under color of federal office], and (3) it has a 'colorable' federal defense to plaintiffs' claims." *Leite*, 749 F.3d at 1120 (citation omitted); *see also Agyin*, 986 F.3d at 174 (citation omitted).  The allegations in Defendants' notice of removal satisfy these requirements.

First, the individual Defendants allege that they are "person[s]."  1 U.S.C. § 1 ("[T]he words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]").  The removal notice states that the

18            FRIEDENBERG V. LANE COUNTY

individual Defendants are comprised of an administrator and mental health providers.

Second, Defendants allege that they acted under color of federal office.  As support for that allegation, the removal notice states that LCMH's employees are deemed "PHS employees for purposes of the immunity afforded by 42 U.S.C. § 233(a)" and are "immune from any civil action or proceeding arising out of the performance of [their] medical, surgical, or related functions within the scope of [their] employment with Lane County and LCMH."

Third, Defendants allege a "colorable federal defense" by stating that Defendants' answer to Plaintiffs' amended complaint asserts their respective rights to absolute immunity provided under the PHSA and FSHCAA.

Finally, Defendants specifically invoke § 1442(a)(1) as a basis for removal under the court's federal question jurisdiction.  The notice of removal states that "[t]he Court has jurisdiction pursuant to . . . 28 U.S.C. § 1442(a)(1) . . . to assess whether the alleged acts or omissions in the state action arose out of 'the performance of medical, surgical, dental or related functions' within the scope of defendants' deemed PHS employment and, in turn, whether the United States must be substituted as the only proper defendant." Under the pleading standards for removal, these allegations are sufficient. *See Leite*, 749 F.3d at 1120–21.

Plaintiffs' objection to Defendants' focus on § 233 as a basis for removal also lacks merit.  The removal notice sufficiently invokes § 1442 as an alternative basis for removal even if that provision was not the linchpin of Defendants' removal strategy.  Moreover, the inquiry here is whether the notice of removal on its face sufficiently invokes § 1442 as a basis for removal jurisdiction. *See id.* at 1121.

FRIEDENBERG V. LANE COUNTY                          19

When the notice of removal is read in the light most
favorable to Defendants as the removing parties, the
allegations are sufficient to put Plaintiffs on notice that §
1442 was an alternative ground for removal.

For purposes of determining whether a defendant
invoked § 1442 as a basis for removal, a defendant's citation
to "§ 1442 as one of its grounds for removal" is sufficient
under Supreme Court authority. *BP P.L.C.*, 141 S. Ct. at
1538. Because Defendants did that here, the district court's
entire order is reviewable on appeal. We therefore have
jurisdiction to review the district court's remand order.

## IV.

We turn to the merits of Defendants' appeal to assess
whether § 233 immunity applies in this case. Because this
is a matter of first impression in our circuit, we briefly
review the scope of § 233 immunity provided to community
health centers and their employees.

## A.

As a general principle, the United States "may not be
sued without its consent." *United States v. Mitchell*, 463
U.S. 206, 212 (1983). The FTCA, however, is an example
of the federal government consenting to be sued for certain
types of actions. The FSHCAA extends the FTCA to certain
public health entities, their employees, and qualified
contractors receiving federal grants.

The relevant entities covered by the FSHCAA are
community health centers that receive federal funding under
§ 330 to serve underprivileged populations regardless of
their ability to pay for service. H.R. Rep. No. 104-398, at 5
(1995). Congress enacted the FSHCAA to prevent these
community health centers from having to use their federal

20                    FRIEDENBERG V. LANE COUNTY

funds to purchase costly medical malpractice insurance, which is "one of the most significant expenses for health centers." *Id*.

Under § 233(a), actual PHS employees, whether "commissioned officer[s] or employee[s] of the Public Health Service," qualify for immunity under the FTCA for damages resulting "from the performance of medical, surgical, dental, or related functions . . . while acting within the scope of [their] office or employment." 42 U.S.C. § 233(a).[4]  Congress extended the protection provided to actual PHS employees in § 233(a) to "deemed" PHS employees under § 233(g).  42 U.S.C. § 233(g)(1)(A)[5]

---

[4] 42 U.S.C. § 233(a) states: The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

[5] 42 U.S.C. § 233(g)(1) provides in part:

> (A) [A]n entity described in paragraph (4), and any officer, governing board member, or employee of such an entity . . . shall be deemed to be an employee of the Public Health Service . . . [t]he remedy against the United States for a [deemed PHS employee] shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a).

FRIEDENBERG V. LANE COUNTY                    21

(establishing that for entities deemed to be PHS employees
"[t]he remedy . . . shall be exclusive of any other civil action
or proceeding to the same extent as the remedy against the
United States").  An entity must be "deemed" an employee
of the PHS by the HHS to receive such protection. 42 U.S.C.
§ 233(g)– (h).  The HHS makes this determination after
reviewing an entity's application and assessing whether it
meets certain qualifications.  *Id.*

The parties do not dispute that Defendants were deemed
PHS employees during the relevant period in this case.
Rather, the dispute turns on an interpretation of § 233(g).
Defendants contend that § 233(g)(1)(A) grants deemed PHS
employees the same protection as actual PHS employees
under § 233(a).  Plaintiffs contend, on the other hand, that §
233(g)(1)(B) limits protection for deemed PHS employees
to claims where "the tortious conduct occurs during 'services
provided to patients.'"

The magistrate judge agreed with Plaintiffs and
determined that § 233 immunity does not apply in this case
because "Plaintiffs are not the 'patient' within the meaning
of § 233(g)(1)(B)."  *See* 42 U.S.C. § 233(g)(1)(B) ("The
deeming of any entity . . . [applies] to services provided--(i)
to all patients of the entity and (ii) subject to subparagraph
(C), to individuals who are not patients of the entity.").  In
other words, the magistrate judge reasoned that § 233(g)

(B) The deeming of any entity or officer, governing
board member, employee, or contractor of the entity to
be an employee of the Public Health Service for
purposes of this section shall apply with respect to
services provided-- (i) to all patients of the entity, and
(ii) subject to subparagraph

(C), to individuals who are not patients of the entity.

only covers claims made by parties who received direct medical care. The district court agreed and remanded the case to state court. For the reasons explained below, we hold that this was error.

## 1.

We agree with Defendants that § 233 immunity does not turn on who brings the claim, but rather whether the conduct giving rise to the claim arose out of the Defendants' performance of "medical, surgical, dental or related functions." 42 U.S.C. § 233(a).

Nothing in § 233(g)(1)(B) limits immunity protection to a particular class of plaintiffs. Rather, the statute contemplates the types of actions for which deemed PHS employees are covered. Such actions include claims regarding "services provided to all patients of the entity," and in limited circumstances "to non-patients." 42 U.S.C. § 233(g)(1)(B). While the claim must result from the performance of these services, the claimant need not be a patient nor a recipient of medical or dental care for a deemed PHS employee to invoke § 233 immunity. To the extent the district court ruled that § 233 did not apply in this case because Plaintiffs were not "patients," that was legal error. This is illustrated in the cases we discuss below, where courts have recognized claims filed by third parties against deemed PHS employees.

Plaintiffs do not seriously dispute this point, as the issue in this case does not turn on whether a third-party may sue for damages in connection with services provided to a patient. Plaintiffs nonetheless contend that § 233 immunity is unavailable in this case because § 233(g) limits the protection deemed PHS employees are afforded.

FRIEDENBERG V. LANE COUNTY                    23

## 2.

Plaintiffs contend that § 233 immunity extends lesser protection to deemed PHS employees under § 233(g) than it does to actual PHS employees under § 233(a). According to Plaintiffs, while § 233(a) provides actual PHS employees protection from any claims arising out of their performance of medical or related functions, § 233(g) protects deemed PHS employees only in cases where the tortious conduct "occurs during the provision of medical services to a patient."

Plaintiffs argue that the tortious conduct here, which is LCMH's failure to inform the municipal court of Bryant's violations of his treatment plan, did not occur during the Defendants' provision of medical services to Bryant. Thus, Plaintiffs posit that § 233 immunity does not apply.

Defendants counter that § 233(g) is not as limited as Plaintiffs suggest. Rather, they assert that deemed PHS employees receive protection "to the same extent" as actual PHS employees, which includes immunity from any claims for damages that resulted from the Defendants' performance of "medical, surgical, dental, *or related functions*[,]" 42 U.S.C. § 233(a) (emphasis added), to patients and other individuals, 42 U.S.C. § 233(g)(1)(B). According to Defendants, "[n]othing in § 233(a) or (g) limits [the] . . . grant of absolute immunity to claims brought by plaintiffs directly harmed at the hands of a deemed provider." A plain reading of the statute (and the legislative history) supports Defendants' interpretation.

Section 233(g)(1)(A) states in plain terms that "[t]he remedy against the United States for . . . an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other

24                    FRIEDENBERG V. LANE COUNTY

civil action or proceeding *to the same extent* as the remedy against the United States is exclusive pursuant to subsection (a)." 42 U.S.C. § 233(g)(1)(A) (emphasis added). The "to the same extent" language suggests that the protection in § 233(g) is the same as in § 233(a). Plaintiffs' argument would render this statutory phrase meaningless.

Nor does the text in § 233(g)(1)(B) undermine Defendants' interpretation. Plaintiffs contend that Congress included § 233(g)(1)(B) to limit coverage with "respect to services provided" to "patients of the entity" and that we must "give meaning and effect to the limiting words chosen." While we acknowledge Congress's intent in enacting § 233(g)(1)(B), we are not persuaded that this language limits immunity to "tortious conduct" that "occurs in the setting of the actual provision of medical services." Rather, when § 233(g)(1)(B) is read in conjunction with § 233(g)(1)(A) and § 233(a), it is clear that deemed PHS employees are entitled to immunity from claims *resulting from providing* "medical, surgical, dental, or related" *services to* "patients" and some "individuals who are not patients of the entity." 42 U.S.C. § 233(a), (g)(1)(B). The statutory text clearly shows that immunity is not tied to whether the tort transpired in caring for the patient. Rather, the language illustrates that as long as a claim is *derived* from providing services to subjects of the healthcare provider, the deemed PHS employee is immune from suit.

Furthermore, there is nothing in the legislative history that suggests "deemed" PHS employees receive lesser protection than actual PHS employees. To the contrary, Congress intended for deemed PHS employees to receive protection "in the same manner" as traditional PHS employees during the coverage period. H.R. Rep. No. 104-

FRIEDENBERG V. LANE COUNTY                    25

398, at 4.[6]  As Defendants note, Congress was concerned with the lack of health center participation in the § 330 grant program because community health centers lacked clarity on whether certain services would be covered, such as services provided to non-patients. *Id.* at 7.  Sections 233(g)(1)(B) and (C) were enacted to clear up such confusion, not to limit the protection afforded to deemed PHS employees. *See also id.* at 7, 11.

There is nothing to suggest that Congress intended to limit the scope of protection by enacting § 233(g), and there are no cases interpreting the provision as having such an effect.  Accordingly, Plaintiffs' argument that deemed PHS employees receive limited protection under § 233 lacks merit.

Plaintiffs next argue that "[n]othing in the legislative history indicates that Congress intended to provide immunity to health centers for general tort liability arising from slip and falls, employment claims, or vehicular torts that occur outside of the actual provision of medical services to patients."  But this case does not involve such conduct.  This argument is thus inapposite.

Plaintiffs also contend that § 233 was enacted to cover only medical malpractice claims.   Several courts have

---

[6] The legislative history is clear on this point. *See* H.R. Rep. No. 104-398, at 4 ("Health centers and their employees, officers, and contractors are covered for malpractice claims in the same manner as employees of the Public Health Service who provide medical care."); *see also id.* at 10 ("Under current law (section 224 of the Public Health Service Act), certain Federally assisted health centers, and their physicians and other health care practitioners, are covered for malpractice claims under the [FTCA] . . . in the same manner as are employees of the Public Health Service who provide medical care.").

26                    FRIEDENBERG V. LANE COUNTY

grappled with this issue and have rejected this interpretation.
Indeed, most of the cases Plaintiffs rely on so conclude.[7]

Those courts have held so for good reason.    While
Congress's concerns regarding malpractice insurance
premiums were the driving force behind the legislation,
Congress did not limit § 233 immunity to "only" malpractice
claims when it could have.    *See Cuoco v. Moritsugu*, 222
F.3d 99, 108 (2d Cir. 2000); *see also Logan v. St. Charles
Health Council, Inc.*, 2006 WL 1149214, at *2 (W.D. Va.
May 1, 2006) ("Congress, in drafting the statute, failed to
use plain language limiting the statute to medical
malpractice suits . . . ."). Accordingly, the scope of § 233
immunity does not depend on whether the claim is framed as
one of medical malpractice, but rather whether the claim is
the result of the defendant's "performance of medical,
surgical, dental, or related functions" in providing services
to both patients and nonpatients alike.  42 U.S.C. § 233(a),
(g).

Any other reading would render the "related functions"
language in the statute superfluous.  *See Pomeroy v. United*

---

[7] *See Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000) ("Cuoco
asserts that § 233(a) provides immunity only from medical malpractice
claims. But there is nothing in the language of § 233(a) to support that
conclusion. When Congress has sought to limit immunity to medical
malpractice claims it has done so explicitly." (citation omitted)); *Logan
v. St. Charles Health Council, Inc.*, 2006 WL 1149214, at *2 (W.D. Va.
May 1, 2006) (same); *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 299
(D. Conn. Jul. 16, 2001) (same); *see also Z.B. ex rel. Next Friend v.
Ammonoosuc Cmty. Health Servs., Inc.*, 2004 WL 1571988, at *3 (D.
Me. June 13, 2004), *report and recommendation adopted sub nom. Z.B.
ex rel. Kilmer v. Ammonoosuc Cmty. Health Servs., Inc.*, 2004 WL
1925538 (D. Me. Aug. 31, 2004); *Bennett v. United States*, 375 F. Supp.
3d 1180, 1187 (W.D. Wash. Mar. 22, 2019); *Blackburn v. United States*,
2021 WL 3027979, at *6 (10th Cir. 2021).

FRIEDENBERG V. LANE COUNTY                           27

*States*, 2018 WL 1093501, at \*2 (D. Mass. Feb. 27, 2018) ("The statute must cover a broader scope of activity than the delineated categories alone, or else 'related functions' would be mere superfluity." (citation omitted)). We must give meaning to the plain text of the statute, and here, § 233(a) plainly encompasses damages stemming from the performance of medical and "related" functions. As explained further below, the tortious conduct in this case meets these criteria.

**B.**

Having defined the scope of § 233 immunity, we consider whether it applies in this case. We conclude that it does.

The alleged tortious conduct in this case is Defendants' failure to notify the municipal court of Bryant's violations of his probation order by failing to comply with his mental health treatment plan.[8] The question then is whether Defendants' failure to report Bryant's violations of his treatment plan to the municipal court is a "related function" under § 233(a).

Few cases have assessed the meaning of "related function" under § 233(a), and neither we nor the Supreme Court have had occasion to weigh in. *See Brignac v. United States*, 239 F. Supp. 3d 1367, 1376 (N.D. Ga. Mar. 9, 2017). While not binding, we find persuasive several district court cases that have interpreted this language. We hold that the

---

[8] Defendants also refer to Plaintiffs' allegations that Defendants' treatment plan for Bryant was ineffective. Plaintiffs have stated on numerous occasions, however, that this case is not about the Defendants' failure to treat Bryant, but rather, their failure to report his violations to the municipal court. The crux of the allegations in the First Amended Complaint supports this theory.

conduct here is at least a medically "related function" under
§ 233(a).

*Mele v. Hill Health Center* is instructive. 609 F. Supp.
2d 248 (D. Conn. Mar. 31, 2009). The plaintiff, Mele, was
a criminal defendant who was ordered to participate in a
health center's federally funded health program that
provided behavioral health services for individuals with
substance abuse. *Id.* at 254. Mele, however, was ultimately
terminated from the program because he violated his
treatment plan. *Id.* Mele sued the health center and its
employees for violating his Constitutional rights when they
"terminated him from [the] drug treatment program." *Id.* at
252. The district court determined that the United States
should be substituted as the sole defendant because the
defendants' alleged wrongdoing "related" to the provision of
the deemed PHS employees' medical services to Mele. *Id.*
at 256. According to the court, there was no evidence to
suggest that the defendants' "decision to terminate [Mele's]
treatment was based on reasons unrelated to his medical
care." *Id.* The facts here are analogous.

In *Teresa T. v. Ragaglia*, the plaintiffs sued a doctor for
failing to report suspected child abuse. 154 F. Supp. 2d 290,
293 (D. Conn. Jul. 16, 2001). Although the failure to report
did not involve a direct medical service, the court determined
that the doctor's failure to report the suspected child abuse
was a "related function" to the provision of medical services.
*Id.* at 299–300. The court reasoned that the failure to report
was "related" to medical services because the duty to report
was imposed on doctors acting within their professional
capacity. *Id.* at 300. While the court reasoned that the duty
to report was "triggered" during a medical examination of
the child, the tortious conduct did not occur during the
provision of medical services. *Id.* As in this case, the

FRIEDENBERG V. LANE COUNTY                    29

tortious conduct in *Teresa T.* was the failure to meet an alleged reporting obligation related to the evaluation of a patient.

Similarly, in *Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services, Inc.*, the court reasoned that a medical professional's failure to report suspected child abuse was "related" to medical services because the duty to report "arises out of the employees' status as medical professionals." 2004 WL 1571988, at *3 (D. Me. June 13, 2004), *report and recommendation adopted sub nom. Z.B. ex rel. Kilmer v. Ammonoosuc Cmty. Health Servs., Inc.*, 2004 WL 1925538 (D. Me. Aug. 31, 2004). In that case, like here, medical services were not provided directly to the plaintiff who was the child. *Id*. Rather, the medical services were provided to the plaintiff's mother, during which the medical professionals learned of potential child abuse and had a duty to report suspected child abuse. *Id*. The court concluded that the tortious conduct was "related" to the provision of medical services to the plaintiff's mother given that the duty to report arose out of the defendants' status as medical professionals and because the services were provided to the mother due to concerns over the child's welfare. *Id*. That case did not turn on the provision of medical treatment, but rather, whether the plaintiff's harm was related to it.[9]

---

[9] There are several other district court cases that follow the same reasoning. *See, e.g., C.K. v. United States*, 2020 WL 6684921, at *6 (S.D. Cal. Nov. 12, 2020) (reasoning that "administrative or operational duties could qualify as related functions where they were connected to the provision of medical care" (citation omitted)); *Pomeroy*, 2018 WL 1093501, at *2–3 (stating that a nursing home's negligent provision of solid food to a woman with a known swallowing disability constitutes a related function); *Trap v. United States*, 2016 WL 6609212, at *3 (C.D.

Plaintiffs' proposition that § 233 immunity applies only when the injury occurs "during the provision of medical treatment to a patient" ignores the statutory text. Such an interpretation would unduly limit the immunity protection under § 233(a) and render meaningless the portion of the statute that covers "related" medical functions.

We recognize that there are cases that declined to extend § 233 immunity to defendants because the alleged tortious conduct had nothing to do with the provision of medical services and thus could not be a "related function."[10] The alleged tortious conduct here, however, is not so far removed from medical services that it cannot qualify as related conduct. Rather, this case approximates the cases discussed above where district courts found that the tortious conduct was "related" to the provision of medical services. As in *Mele*, where the district court reasoned that a health center's

---

Cal. Mar. 7, 2016) (concluding that acts of retaliation against a prisoner such as subjecting him to extended periods in inclement weather and denying him "food . . . on day-long trips outside the prison for his medical appointments" were "related" to the provision of medical services); *Mele v. Hill Health Ctr.*, 2008 WL 160226, at *3 (D. Conn. Jan. 8, 2008) (reasoning that § 233 immunity applied to a doctor's disclosure of patient information because such actions concerned "the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information").

[10] *See Mendez v. Belton*, 739 F.2d 15, 19–20 (1st Cir. 1984) (declining to extend § 233 immunity to a medical provider who sued her employer for racial and sexual discrimination when it denied her of certain staff privileges); *Logan*, 2006 WL 1149214, at *1–3 (declining to extend § 233 immunity to a medical provider who sued her employer for fraudulently using her name to write prescriptions she did not authorize); *La Casa de Buena Salud v. United States*, 2008 WL 2323495, at *20–22 (D.N.M. Mar. 21, 2008) (declining to extend § 233 immunity to a doctor who murdered a former patient at a private location while off duty).

FRIEDENBERG V. LANE COUNTY                    31

termination of a prisoner from a jail diversion program was "related" to the provision of medical services, here, the Defendants' failure to report Bryant's violations of his treatment plan to the court was "related" to the provision of medical services. *See* 609 F. Supp. 2d at 256.

Further, as in *Teresa T.* and *Z.B.*, the alleged wrongdoing in this case is directed at the Defendants' failure to report Bryant's violations of his treatment plan in their capacities as medical professionals. *See* 154 F. Supp. 2d at 300; 2004 WL 1571988, at *3. Indeed, any duty that the Defendants had to report Bryant's violations and potential threat to the public was tied to their status as medical health professionals.[11] In the above cases, the conduct in question had a distinct connection to the provision of medical, surgical, or dental services. *See id.* Such conduct falls within the ambit of § 233.

In sum, Defendants' failure to report is intertwined with their provision of medical services to Bryant, or at the very least, is "related" to them. Accordingly, we conclude that the tortious conduct in this case qualifies as a "related function" under § 233(a).

---

[11] As alleged in the First Amended Complaint, Plaintiffs claim they were harmed as a result of the Defendants' failure to report Bryant's violations. While Plaintiffs do not specify the source of any such duty that Defendants owed Plaintiffs in their operative complaint, the legal sufficiency of their allegations is not dispositive. As Defendants note, the viability of Plaintiffs' underlying claims is not determinative of whether Defendants are entitled to § 233 immunity. The important question is whether the alleged acts or omissions in this case are "medical, surgical, dental, or related functions" under § 233(a). Whether Plaintiffs can state a claim for relief is for the district court to address in the first instance.

32          FRIEDENBERG V. LANE COUNTY

## C.

Finally, the parties contest whether Defendants' tortious conduct fell outside of their § 330 grant activities.[12]  Under 42 C.F.R. § 6.6, "[o]nly acts and omissions related to the grant-supported activity of entities are covered" even if the other requirements for immunity under § 233 have been met. 42 C.F.R. § 6.6(d).

Plaintiffs first argue that the tortious conduct in this case does not relate to Defendants' grant-supported activity because Lane County never mentioned the "Jail Diversion Program" in its grant application.  We reject this argument. Plaintiffs fail to cite any authority stating that such specification is required.  Indeed, the FTCA Manual that Plaintiffs rely on only instructs grant applicants to specify the services that they plan to perform and the locations for such services.[13]  An applicant need not identify the specific names of the programs that will refer patients to the applicant health centers.  Indeed, the single case that Plaintiffs rely on states as much and does not support Plaintiffs' argument. *See Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656, 669–70 (E.D. Pa. Mar. 31, 2014) (determining that deemed health center's "Employee Health Program" was grant-supported activity even though the

---

[12] Defendants also argue that the individual Defendants were acting within the scope of their employment under Oregon state law when they committed the tortious conduct in this case.  Plaintiffs do not contest this point; rather, Plaintiffs contend that Defendants' tortious conduct fell outside the scope of their grant-supported activity, which is a separate inquiry.

[13] Federal Tort Claims Act, Health Center Policy Manual ("FTCA Manual"), at 8 (HHS 2014), https://bphc.hrsa.gov/ftca/pdf/ftcahcpolicy manualpdf.pdf.

FRIEDENBERG V. LANE COUNTY                    33

center's application did not mention the program by name but only noted the program's substance and services).

Here, Lane County references its plans to provide mental health treatment services to underserved patients in the community in its grant application.  Lane County's participation in the Jail Diversion Program "as a patient referral service is [just] one community-based intervention through which Lane County meets the needs of its target population."

Plaintiffs' argument that the Jail Diversion Program is state funded and thus falls outside of the grant's scope also lacks merit.[14]  Even assuming that "grant-supported activity" only includes activity that is directly paid for by federal funds, Plaintiffs' arguments fail because they ignore the "related to" language in 42 C.F.R. § 6.6(d).  42 C.F.R. § 6.6(d) ("Only acts and omissions *related to* the grant-supported activity of entities are covered." (emphasis added)); *see Z.B.*, 2004 WL 1571988, at *4.  Indeed, "it is the term 'related to' in the regulation that is crucial." *Z.B.*, 2004 WL 1571988, at *4.  Thus, if the County's Jail Diversion Program is "related to" activity that is supported by the grant at issue, nothing further is required. *See id.*

That requirement is easily satisfied here.  It is undisputed that Lane County's grant covers its efforts to provide mental health services to vulnerable communities in its covered areas, and that the Jail Diversion Program provides needed mental health services to adults and juveniles in those areas who encounter the criminal justice system.  Given that the

---

[14] The record suggests that the Jail Diversion Program is only partially state funded as its costs were included in the grant application's total budget.

expressed purposes of the program and the federally funded activities are similar, the acts and omissions in this case at least "relate to" Lane County's grant-supported activity.

Accordingly, Defendants' tortious conduct falls within the scope of their § 330 grant. Because Defendants meet the qualifications set forth in § 233(a), they are entitled to immunity in this case.

## V.

We reverse the district court's order remanding this case to state court. We remand to the district court to enter an order substituting the United States as the defendant and deeming the action as one brought under the FTCA.

### REVERSED AND REMANDED

NGUYEN, Circuit Judge, dissenting:

We do not, in my view, have jurisdiction over this appeal. Because the majority concludes otherwise, I respectfully dissent. As the majority acknowledges, unless an exception applies, we lack jurisdiction to review remand orders. The Lane County defendants invoke the exception for "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title." 28 U.S.C. § 1447(d). But even a cursory review of the notice of removal makes clear that the Lane County defendants did not in fact remove this case under § 1442.

The notice of removal, seventeen pages long, is entirely dedicated to explaining why there is federal jurisdiction pursuant to 42 U.S.C. § 233. It says unequivocally that the case is removed pursuant to § 233(l)(2). *See* Notice of

FRIEDENBERG V. LANE COUNTY                    35

Removal at 3 ("[T]his action is properly removed under 42 U.S.C. § 233(l)(2), a federal officer removal statute enacted specifically for the benefit of deemed PHS employees."). It cites § 1442 in passing just three times. Two of those citations are only by way of *comparison* with removal under § 233(l)(2). *See* Notice of Removal at 3 ("Section 233(l)(2) serves a purpose similar to the general officer removal statute at 28 U.S.C. § 1442(a)(1) – *i.e.*, to provide a right to a federal forum for a judicial determination as to the availability of a federal officer immunity defense."); *id.* at 9 ("Section 233(l)(2) is in substance and effect an officer removal statute, akin to (but even more generous than) the general officer removal statute at 28 U.S.C. § 1442(a)(1).").

The third passing reference to § 1442 is in a string citation, which the majority excerpted in part. Maj. Op. at 15. The entire sentence reads:

> The Court has jurisdiction pursuant to the PHS Act, FSHCAA, the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(3), 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1331, to assess whether the alleged acts or omissions in the state action arose out of "the performance of medical, surgical, dental or related functions" within the scope of defendants' deemed PHS employment and, in turn, whether the United States must be substituted as the only proper defendant."

Notice of Removal at 3 (citations omitted). A string citation, without more, does not give sufficient notice that the Lane County defendants "assert the case is removable 'in accordance with or by reason of'" § 1442. *BP P.L.C. v.*

36                    FRIEDENBERG V. LANE COUNTY

*Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538
(2021).    Moreover, this sentence—in contrast to those
invoking § 233(l)(2)—states that § 1442 is a basis for
*jurisdiction*, not a basis for *removal*.    More importantly,
because the rest of the notice of removal is focused solely on
§ 233, this stray reference to § 1442 does not put other
litigants or the court on notice that § 1442 is a basis for
removal.    In fact, like the notice of removal, the Lane County
defendants' filings below mentioned § 1442 only as a
comparator to § 233(l)(2).    As a result, none of the district
court's orders analyzed § 1442 as a basis for removal, and it
was not until the Lane County defendants filed a notice of
appeal that they invoked § 1442 as a basis for removal.    *See
BP*, 141 S. Ct. at 1538 ("[T]he statute allows courts of
appeals to examine the whole of a *district court's 'order,'*
not just some of its parts or pieces.") (emphasis added).

It does not take much to give notice of a ground for
removal.    But a fair reading of the notice of removal here
shows that the Lane County defendants never asserted their
intention to remove this case under § 1442.    I would
therefore dismiss the appeal for lack of jurisdiction.