**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**MICHAEL J. JETER, OSB #165413**
Assistant United States Attorney
michael.jeter@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503) 727-1000

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**WENDY NOVINS, as Personal Representative of the Estate of SAYLOR MORETTI, deceased.**

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Case No.: 3:21-cv-01525-SI

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant United States hereby answers the Second Amended Complaint ("Complaint," ECF No. 54) in correspondingly numbered paragraphs. Headings are included for convenience and do not constitute admissions.

## PARTIES

1. Admit.

2. Answering paragraph 2 of the Complaint, first sentence, Defendant admits Letty Owings Center provides a residential substance use disorder program

for women who are pregnant or have young children. Defendant denies the remainder of the first sentence. Defendant admits the second sentence of paragraph 2.

3. Answering paragraph 3 of the Complaint, first sentence, Defendant lacks knowledge or information sufficient to form a belief about the allegations and therefore denies them. Defendant admits that Letty Owings Center is a delivery site for Central City Concern's services.

4. Answering paragraph 4 of the Complaint, first and second sentences, Defendant admits the Department of Health and Human Services provides grant funding to Central City Concern and that Central City Concern has been deemed under the Federally Supported Health Centers Assistance Act for medical malpractice coverage under the Federal Tort Claims Act ("FTCA"). Defendant lacks knowledge or information sufficient to form a belief about the truth of the third sentence regarding Plaintiff's awareness and therefore denies it.

**JURISIDCTION VENUE AND ADMINISTRATIVE NOTICE PROVIDED**

5. Defendant admits the first and second sentences of paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence and therefore denies them.

6. Answering paragraph 6 of the Complaint, Defendant admits that the Department of Health and Human Services provides grant funding to Central City Concern. The second sentence of this paragraph contains a legal conclusion to which

no response is required. To the extent a response is required, Defendant denies these allegations.

7. Deny.

8. Answering paragraph 8 of the Complaint, first sentence, Defendant admits venue is proper in this Court. Answering the second sentence, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the allegation.

9. Answering paragraph 9 of the Complaint, Defendant admits that the Department of Health and Human Services received an administrative tort claim from the Estate of Saylor Moretti on March 31, 2021. Defendant further admits that the Department of Health and Human Services has not denied the administrative claim as of the date this answer is filed. Defendant denies the remaining allegations contained in this paragraph.

10. Answering paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

## FACTS GIVING RISE TO LIABILITY

11. Answering paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies it.

12. Answering paragraph 12 of the Complaint, first sentence, Defendant denies this allegation. Answering the second sentence, Defendant admits that Nicole Moretti caused decedent Saylor Moretti's death by co-sleeping with him.

13. Answering paragraph 13 of the Complaint, first sentence, Defendant admits that Nicole Moretti was engaged in the residential substance abuse program at the Letty Owings Center. Answering the second and third sentences, Defendant denies those allegations.

## SPECIFICATIONS OF NEGLIGENCE LEADING TO THE WRONGFUL DEATH OF SAYLOR MORETTI

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

## GENERAL DENIAL

Defendant denies all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

(Contributory Negligence)

Nicole Moretti directly contributed to the death of the decedent. Decedent Saylor Moretti's death was caused by Nicole Moretti's negligent conduct. Because Nicole Moretti is at fault for the death of the decedent, recovery in this action is

barred. If liability is attributed to Defendant United States, it is limited to Defendant's proportionate share of fault, if any, in accordance with Oregon Revised Statutes ("O.R.S.") § 31.600.

**SECOND DEFENSE**

(Scope of Administrative Claim)

The Court lacks jurisdiction over Plaintiff's claim insofar as it is based on facts, events, or allegations that are beyond the scope of the administrative claim.

**THIRD DEFENSE**

(FTCA Limitations of Recovery)

Plaintiff is limited to recovery, if any, of the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

**FOURTH DEFENSE**

(Limitation of Non-Economic Damages)

Plaintiff's recovery of non-economic damages, if any, cannot exceed $500,000 under O.R.S. § 31.710.

**FIFTH DEFENSE**

(Limitation of Attorneys' Fees)

Although Plaintiff cannot recovery any attorneys' fees from Defendant under the FTCA, the FTCA also limits any attorneys' fees paid to Plaintiff's retained counsel to 25% of any recovery under 28 U.S.C. § 2678.

**SIXTH DEFENSE**

(Assumption of Risk)

Nicole Moretti, informed of the risks of co-sleeping on numerous occasions, assumed the risk of injury and death when she expressly agreed to be responsible for the decedent's health and safety at all relevant times and engaged in co-sleeping.

**SEVENTH DEFENSE**

(Release and/or Waiver)

Nicole Moretti, mother and legal guardian of decedent Saylor Moretti at all relevant times, expressly agreed to be responsible for Saylor Moretti's safety, health, care, and well-being while Saylor Moretti was in the Letty Owings Center by signing a Child Care Contract and Commitment to Support a Pro-Social Community on August 8, 2019.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. For costs of suit, as allowed by law; and
3. For such other relief as may be equitable and appropriate.

Dated this 19th day of October 2023.

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Michael J. Jeter*
MICHAEL J. JETER
Assistant United States Attorney
Attorneys for the United States